## In re American United Russian League of Lackawanna County

*P. T. Walsh*, for applicants.

*P. V. Mattes*, for exceptants.

HOBAN, J., January 20, 1939.—The application for charter was filed on July 1, 1938, and presented to court on July 13, 1938, after due notice by publication as provided under the Nonprofit Corporation Law of May 5, 1933, P. L. 293. Exceptions were filed and thereafter, by agreement of the parties, depositions were taken for and on behalf of applicants and exceptants. The case was

duly noted for argument on January 6, 1939, upon the exceptions to the depositions filed.

From the depositions it seems clear that an unincorporated association bearing the same name has been in existence in this county since 1931, and that the application for incorporation is now filed by a faction which claimed to have secured control of the major offices of the unincorporated association at a meeting held May 29, 1938. Exceptants are officers who were ousted at the meeting of May 29, 1938, who claimed that such meeting was illegally held, that the unincorporated association under the regular officers has had meetings since May 29, 1938, has maintained its continuity of existence and intends to do so. The testimony of the witnesses for applicants indicates that it is their intention to obtain a charter by authority of the unincorporated association, and that the same association hitherto incorporated is to continue in existence, if this charter is granted, as a nonprofit corporation. By these admissions, regardless of any other consideration, they defeat their own application, because they have failed to comply with section 217 of the Nonprofit Corporation Law, supra, which provides that when an unincorporated association seeks to be incorporated it must present with its application for articles of incorporation an affidavit of at least three of the incorporators setting forth that the purposes set forth in the articles are the same as those of the unincorporated association, and that the incorporators constitute a majority of the members of a committee authorized to incorporate such association by the requisite vote required by the organic law of the association. No such evidence has been presented with this application and on this ground alone the charter must be refused.

While we will not determine in this proceeding who are the proper officers of the unincorporated association which this application seeks to supersede, there is considerable doubt that the meeting of May 29, 1938, was properly called, and certainly there is no evidence that

any proceedings therein were conducted in accordance with any constitution and bylaws. There is, however, definite evidence that the present applicants were acting as a group opposed to the policies and management of the original association and intend to carry on their organization separate and apart from the group acting as the unincorporated association, and that the unincorporated association intends to continue its existence.

While the purposes set forth in the application are not unlawful and probably would authorize the incorporation of any group of persons who desired to associate themselves together for these objects, it seems to be contrary to the principles of equity to allow a charter to be granted to an organization with a name identical with that of an unincorporated association, which has long continuity of existence and intends to continue in existence. If these applicants desire to form an organization for the purposes set forth in their application, there is no reason why they may not do so, but they cannot appropriate the name of another organization which has a recognized existence and standing in the locality, nor can they adopt any name which is deceptively similar thereto.

The application is also defective for failure to have the articles of incorporation signed by the incorporators named in the body of the document. Section 203 of the Nonprofit Corporation Law requires that the name, place of residence, and post office address of each of the incorporators shall be set forth in the articles. The same section requires that each of the incorporators sign the articles. In this instance ten incorporators are named in the articles, and their residences and post office addresses set forth. Only two of the ten incorporators have signed the articles, but in addition to these two, nine other individuals have affixed their signature. Even if these nine, who are named in the articles proper, were to be considered as incorporators, the requirements of the law as to setting forth their place of residence and post office address have not been complied with.

Section 203 also requires that at least three of the incorporators shall acknowledge the articles. In this case only two of the incorporators named in the articles have made the acknowledgment, together with another individual who is also one of the signers of the articles proper who are not named in the document. These defects are fatal and require the rejection of the application.

Now, January 20, 1939, this application for incorporation of the American United Russian League of Lackawanna County is refused.